

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 28, 1989

Honorable A. J. Hartel
Liberty County Attorney
P. O. Box 9127
Liberty, Texas 77575-9127

Opinion No. JM-1128

Re: Authority of a rural fire prevention district to borrow money without holding an election (RQ-1704)

Dear Mr. Hartel:

Your letter requesting an opinion of this office asks:

> Does a Rural Fire District have the authority to borrow Money from a bank, without a public election to approve the loan, if the amount of repayment per year is less than the revenues to be received per year from 3 cent[s] per $100 evaluation ad valorem taxes? (No additional taxes will be raised to support the loan.)

> If the above question is yes, can the bank secure the loan with a lien on the financed property or must it be secured with a pledge of tax receipts?

Rural fire prevention districts were formerly regulated by article 2351a-6, V.T.C.S. In 1989, a non-substantive revision of the law carried the provisions of that statute into the new Health and Safety Code as chapter 794 thereof. See Acts 1989, 71st Leg., ch. 678, at 2230, 3122. Subchapter E of chapter 794 concerns the financial transactions of such districts. The new code became effective September 1, 1989. Id. ch. 678, § 15, at 3165.[1]

_____

1. The 71st Legislature repealed article 2351a-6, V.T.C.S., when its provisions were incorporated into the Health and Safety Code, but it also passed an amendment to
(Footnote Continued)

We understand that the district intends to borrow an amount considerably in excess of its funds on hand or the amount anticipated to be on hand from tax collections (or other sources) for a single year. It is to be repaid over a ten year period, but the amount scheduled to be repaid in a single year would not exceed the amount anticipated to be collected in taxes for that year.

Section 794.071 of the Health and Safety Code provides:

> Except as provided by Section 794.072 and Sections 794.076-794.081, a district may not contract for an amount of indebtedness in any one year that is in excess of the funds then on hand or that may be paid from current revenues for the year.

This provision prevents the proposed transaction, unless it is authorized by one of the sections mentioned, because the indebtedness incurred would exceed the funds of the district then on hand or that might be paid from anticipated current revenues for the year.

We have examined sections 794.072 and 794.076 through 794.081, and there is no provision in any of them that would permit the district to obligate itself by contract to assume a monetary obligation payable over several years from future ad valorem taxes without first securing the approval of the

---

(Footnote Continued)
the repealed statute. The amendatory provision has been saved notwithstanding the repeal because section 311.031(c) of the Government Code provides:

> (c)  The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature that enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision that revised the statute so amended, revised, or reenacted.

Although the amendment is tangentially pertinent to the issue at hand, it does not affect the conclusion we reach. See Acts 1989, 71st Leg., ch. 1132, at 4676.

electorate. <u>See</u> Attorney General Opinion JM-453 (1986). Section 794.077(a) expressly states:

> A district may not authorize bonds and notes secured in whole or in part by taxes unless a majority of the district's qualified voters who vote at an election called for that purpose approve the issuance of the bonds and notes.

<u>Cf.</u> Tex. Const. art. III, § 52(d)..

We advise that a rural fire prevention district does not possess authority to borrow money repayable from ad valorem taxes to be collected in future years without first securing the approval therefor from the electorate. We do not reach your second question.

## S U M M A R Y

Without first securing approval therefor from the electorate, a rural fire prevention district is not authorized to borrow money repayable from ad valorem taxes to be collected in future years.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General